IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

**August 19, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

BARBARA JEAN HOPPER,           )   WASHINGTON LAW
                               )   C. A. NO. 03A01-9801-CV-00049
        Plaintiff-Appellant    )
                               )
                               )
                               )
                               )
vs.                            )   HON. THOMAS J. SEELEY, JR.
                               )   JUDGE
                               )
                               )
                               )
                               )
DAVID C. TABOR, Individually and)  AFFIRMED AND REMANDED
d/b/a EAST TENNESSEE HEMOTOLOGY-)
ONCOLOGY, P.C.,                )
                               )
        Defendants-Appellees   )


THOMAS R. BANDY, III, Kingsport, for Appellant.


CHARLES T. HERNDON IV, Johnson City, for Appellees.


O P I N I O N


                                        McMurray, J.


        This is a medical malpractice case.  The defendants filed a

motion for summary judgment supported by the affidavit of defen-

dant, Dr. David C. Tabor, which, among other things, specifically

stated that he was familiar with the standard of care for physi-

cians and surgeons practicing the specialty of oncology in Johnson City, Tennessee, and similar communities. He further deposed that at all times, in his care and treatment of the plaintiff's decedent, Mark A. Hopper, he "conformed to the standard of care for physicians in the practice of oncology and did not deviate or depart therefrom." Thus, Dr. Tabor, through his affidavit, prima facie, established that he was entitled to judgment as a matter of law absent countervailing evidence presenting a genuine issue of a material fact.

The plaintiff responded with an affidavit of Dr. David S. Knapp, which, if considered by the court would probably have been sufficient to establish a genuine issue of a material fact relative to whether Dr. Tabor deviated from the standard of care. For reasons not appearing in the record, however, Dr. Knapp's affidavit was withdrawn by the plaintiff and was not considered by the court in ruling on the motion for summary judgment.

Thereafter, the plaintiff relied upon the deposition of Dr. Robert K. Oldham in opposition to the motion for summary judgment. The trial court found that Dr. Oldham failed to satisfy the requirement that he knew the standard of care for physicians and surgeons practicing the specialty of oncology in Johnson City, Tennessee, and similar communities. The motion for summary

2

judgment was sustained.  This appeal resulted.  We affirm the judgment of the trial court.

The appellant presents the following issue for our consideration:

1.    The court erred in sustaining the motion for summary judgment filed by the defendant based upon a failure to meet the "community standard" rule.

2.    The court erred in sustaining the motion for summary judgment filed by the defendant based upon the "standard of care" requirement.

Since in our opinion, the two issues deal with the same subject matter we will treat them together.

Our standard of review in cases decided on motion for summary judgment is well-settled.

> Tenn.R.Civ.P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, <u>Byrd v. Hall</u>, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts.  <u>Anderson v. Standard Register Co.</u>,857 S.W.2d 555, 559 (Tenn. 1993).  The moving party has the burden of proving that its motion satisfies these requirements.  <u>Downen v. Allstate Ins. Co.</u>, 811 S.W.2d 523, 524 (Tenn.1991).
>
> The standards governing the assessment of evidence in the summary judgment context are also well established.  Courts must view the evidence in the light most

favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. <u>Byrd</u>, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. <u>Id.</u>

<u>Carvell v. Bottoms</u>, 900 S.W.2d 23, 26 (Tenn. 1995).

In <u>Byrd v. Hall</u>, supra, we find the authority which is controlling in the disposition of this case:

Moreover, the cases make clear that the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law. <u>See, e.g.</u>, <u>Downen [v. Allstate Ins. Co.</u>, 811 S.W.2d 523], 811 S.W.2d at 542; <u>Jones v. Home Indem. Ins. Co.</u>, 651 S.W.2d 213, 214 (Tenn. 1983); <u>Williamson Cty. Broadcasting v. W. Cty. Bd. of Ed.</u>, 549 S.W.2d 371, 372 (Tenn. 1977); <u>Taylor [v. Nashville Banner Pub. Co.</u>, 573 S.W.2d 476, 480 (Tenn. App. 1978)] , 573 S.W.2d at 480; <u>Lucas Brothers v. Cudahy Co.</u>, 533 S.W.2d 313, 316 (Tenn. App. 1975). Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. <u>Fowler v. Happy Goodman Family</u>, 575 S.W.2d 496, 498 (Tenn. 1978); <u>Merritt v. Wilson Cty. Bd. of Zoning Appeals</u>, 656 S.W.2d 846, 859 (Tenn. App. 1983). In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment ... shall be entered against him." Rule 56.05.

<u>Byrd v. Hall</u>, at page 211.

4

We should note that both parties quote at some length in their briefs from the deposition of Dr. Oldham. For reasons, however, to which we are not privy, the deposition of Dr. Oldham was not filed as a part of the appellate record. The transcript of the hearing on the motion for summary judgment clearly shows that the trial court considered Dr. Oldham's deposition in arriving at his decision. We, therefore, call attention of counsel to Rule 4, Rules of the Court of Appeals. Since we are unable to consider the "evidence" contained in the parties' briefs, in the interest of justice, we have ordered the appellate record supplemented by the addition of Dr. Oldham's deposition.

T.C.A. § 29-26-115(a) provides in pertinent part as follows:

**29-26-115. Claimant's burden in malpractice action - Expert testimony - Presumption of negligence - Jury instructions.**(a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

5

In view of these statutory requirements, it is necessary for us to examine Dr. Oldham's deposition carefully to ascertain whether he testified that he knew the recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, [oncology] that the defendant practices in the community of Johnson City, Tennessee, or a similar community.  If he failed to so testify, either directly or implicitly that he possessed the requisite knowledge regarding the standard of care, the plaintiff must fail and the trial court's judgment must be affirmed.

The totality of the evidence contained in Dr. Oldham's deposition fails to demonstrate that Dr. Oldham knew or presumed to know the recognized standard of acceptable professional practice in the medical profession and the specialty of oncology in Johnson City, Tennessee or in a similar community at the time of the alleged wrongful action.  Further, we question the bases upon which he believes the standard of care rests.  Dr. Oldham testified as follows:

    Q.    What is your understanding as far as your testimony
          is concerned of what standard of care means?

    A.    Well, to me, standard of care means doing those
          things which a majority of physicians in a commu-
          nity would consider to be reasonable medical care
          in that community.

6

We suggest that what "a majority of physicians in a community would consider to be reasonable medical care in that community" is not the meaning of standard of care. If this were the case, it would require a poll of physicians practicing in a community to determine the standard of care. The standard of care is determined by whether a physician exercises the reasonable degree of learning, skill, and experience that is ordinarily possessed by others of his profession. See Hurst v. Dougherty, 800 S.W.2d 183 (Tenn. App. 1990).

Dr. Oldham further testified as follows:

Q.  Okay.  Using that definition of standard of care, are you aware of the practice in Johnson City, what the standard of care is?

A.  I can't be precise about that.  I mean that I know there are, you know, oncologists in Johnson City. I believe some or all are Board qualified or Board certified, and in general, the standard of care in most metropolitan areas across the United States would be relatively similar if Board Qualified or Board certified physicians are involved, but I'm not specifically aware of the standard of care in Johnson City precisely.

We are of the opinion that the testimony of Dr. Oldham clearly fails to establish his competency to testify as to the standard of care required of physicians in good standing practicing the speciality of oncology in Johnson City, Tennessee. Dr. Oldham's deposition does not satisfy the statutory requisite that the

7

deponent be familiar with the standard of care in Johnson City, Tennessee, or similar communities. T.C.A. § 29-26-115(a).

It is well-established that a defendant physician may rely upon his own affidavit in support of a motion for summary judgment. Smith v. Graves, 672 S.W.2d 787 (Tenn. Ct. App. 1984). Where a defendant files an affidavit of an expert stating that all of his care and treatment of the plaintiff met the recognized standard of acceptable professional practice required of him, summary judgment is appropriate if the plaintiff presents no competent expert testimony to challenge the defendant's affidavit. Bowman, [v. Henard, 547 S.W.2d 527 (Tenn. 1977] 547 S.W.2d at 531. Accordingly, the court in Bowman succinctly stated the applicable rule as follows:

> [We] hold that, in those malpractice actions wherein expert medical testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by affidavit or otherwise.

Crowe v. Craig, 1997 Tenn. App. LEXIS 450.

In this case, we hold that Dr. Tabor's affidavit clearly and completely refutes the plaintiff's contentions that there was a deviation from the acceptable standard of care. We further hold that the plaintiff has failed to present responsive evidence sufficient to create a genuine issue of a material fact. Accordingly, we are of the opinion that summary judgment was properly granted.

8

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

```
               IN THE COURT OF APPEALS
                  AT KNOXVILLE
```


BARBARA JEAN HOPPER,        )  WASHINGTON LAW
                              )  C. A. NO. 03A01-9801-CV-00049
      Plaintiff-Appellant    )
                              )
                              )
                              )
                              )
vs.                          )  HON. THOMAS J. SEELEY, JR.
                              )  JUDGE
                              )
                              )
                              )
DAVID C. TABOR, Individually and)  AFFIRMED AND REMANDED
d/b/a EAST TENNESSEE HEMOTOLOGY-)
ONCOLOGY, P.C.,             )
                              )
      Defendants-Appellees  )


## <u>**JUDGMENT**</u>


     This appeal came on to be heard upon the record from the Law

Court of Washington County, and briefs filed on behalf of the

respective parties.  Upon consideration thereof, this Court is of

the opinion that there was no reversible error in the trial court.

     We affirm the judgment of the trial court in all respects.

Costs are assessed to the appellant and this case is remanded to

the trial court.


```
                       PER CURIAM
```